■ In the Matter of SIDNEY S. KANTOR et al, Respondents, v. MARIO A. PROCACCINO, as Comptroller of the City of New York, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel appellants to pay certain wage differentials to petitioners, who are court officers, the appeal is from so much of a judgment of the Supreme Court, Kings County, dated July 29, 1968, as directed appellants to make such payments for the period from September 1, 1962 to July 18, 1964, with interest. Judgment modified, on the law and the facts, by adding thereto a provision limiting the recovery of petitioner Alvin Moskowitz to the period commencing July 1, 1963 and ending July 18, 1964, with interest. As so modified, judgment affirmed, without costs. In settlement of their claims against the City of New York for salary differentials allegedly resulting from services rendered prior to September 1, 1962 as employees *of the City* (see *Matter of Rein* v. *Wagner,* 18 N Y 2d 989), petitioners other than Alvin Moskowitz executed releases releasing the city from all claims they might have against it by reason of services rendered as *employees of the City of New York.* The release executed by Moskowitz did not so limit the claim released but merely described it as " claim, No. against The City of New York for back pay period from 5/4/61 to 6/30/63." In this proceeding petitioners now seek to compel the city to pay certain salary differentials resulting from services rendered by them after September 1, 1962 *as employees of the State of New York.* Respondents concede petitioners are entitled to the relief they seek unless they are barred by the releases mentioned above. As to all petitioners other than Moskowitz we are of the opinion that their releases barred only their earlier claims arising by reason of services rendered as *city* employees prior to September 1, 1962 and do not bar the claims now in suit which arise by reason of services rendered as *State* employees on and after September 1, 1962. As to petitioner Moskowitz, the absence of any limitation on the claim he released operates in our opinion to bar his present claim for salary differential from September 1, 1962 through June 30, 1963. His release does not, however, bar his claim from the period from July 1, 1963 through July 18, 1964. Christ, Acting P. J., Rabin, Benjamin, Munder and Kleinfeld, JJ., concur.